STEINBACH v. LEESE et als.

PENDING a suit by two joint owners of land to recover possession, one conveys his half to the other, taking back a mortgage for the purchase-money, conditioned to become due when the mortgagor recovers possession by the suit, or compromise, or when he parts with his title. *Held:* that the mortgage does not become due by a sale of half the land to counsel employed to recover the possession, together with sales of most of the other half to various parties.

Such sales do not render a compliance with the conditions of the mortgage impossible. A recovery of the property by the vendees would meet the terms of the contract and make the money due.

If the property in the hands of the mortgagor could be charged with the payment of the sum sued for only upon the happening of an event in future, there is no reason why it should be sooner liable in the hands of the vendee.

The vendees of the mortgagor succeed to his rights in the property, subject to such conditions and burdens as attach to it in his hands, but to no other.

APPEAL from the Twelfth District.

For case see opinion.

*D. W. Perley,* for Appellant.

1st. The complaint does not state facts sufficient to constitute a cause of action. 2d. The instrument purporting to be a mortgage, on which the action is founded, never did become a lien or legal or equitable charge on the land set out in the complaint. 3d. The action was prematurely brought, and before any personal liability attached against the defendant, Leese. 4th. If any decree or foreclosure could be properly made, it could only be of such portion of the land in controversy as Leese had sold and conveyed to parties in actual possession. 5th. If Leese had actually sold out and conveyed the whole premises to parties in possession, the demand of twenty thousand dollars would not, even then, have constituted a lien on the land, but only a personal demand against him.

The complaint is defective in the following particulars :

1st. It is not averred that Leese was successful in the suit then pending for the recovery of the property. 2d. It is not averred that he has effected any compromise with the opposing claimants for the said property. It fails to show that the money was due at the time the action was instituted ; because it is not averred that Leese has entered into, or taken possession of, the premises, by virtue of the judgment of any Court ; because it is not averred that he has obtained possession by virtue of any compromise with the opposing claimants to the said property; because it is not averred that he has consummated any compro-

mise with the opposing claimants for the relinquishment of his or their claim to the said property. (*Jewell* v. *Thompson,* 2 Litt. 52; 1 Salked, 65; *Bowen* v. *Ogden,* 3 Harr. 124; 1 Saund. on Ev. 202; 1 Chitty, 322; Story on Con. Sec. 32; *Tartar* v. *Hall,* 3 Cal. 263; 4 Id. 47; *Shrove* v. *Adams,* 5 Id.)

The vendees of Leese would occupy his place, become clothed with all his rights, and subject to all his liabilities, so far as the property itself is concerned.

*Campbell & Pratt,* for Appellant, Clark.

*B. S. Brooks,* for Respondent.

I.   The frame of the complaint is simple.   The ground of relief is a unit.   We say that the debt was to become payable upon the doing by Leese of a certain act—realizing a certain benefit, entering into possession or compromising—and we aver that he has, by his own proceedings, precluded the possibility of the events ever happening; that he has deprived himself of the power of doing what he, in effect, undertook to do, viz : To prosecute the claim to effect, and to enter, when entry was given, or compromise.   He cannot recover possession of the whole, because he has alienated one-fourth in severalty.   He cannot compromise the whole, for he has alienated seven-eighths of the residue, and he does not now hold more than one-eleventh or one-twelfth of the original claim, and can neither compromise nor get possession of the whole.   It being clear, then, that the money can never become due, according to terms of the instrument, in consequence of the acts of the promiser, the debt is due instanter.   (*Berwick* v. *Swindles,* 30 Eng. Com. Law, 251; Chitty, 635, 636, 638; *Sands* v. *Clark,* 8 C. B. 751, 762; *Newcomb* v. *Brackett,* 16 Mass. 165; *Williams* v. *The Bank of United States,* 2 Peters, Ch. 102; *Delamater* v. *Miller,* 1 Cowen, 75; *Frost* v. *Clarkson,* 7 Cow. 27; *Hogan* v. *Shee,* 2 Esp. 522; *Giles* v. *Edwards,* 7 T. R. 181; *Raymond* v. *Bearnard,* 12 Johns. 274; *White* v. *Snell,* 5 Pick. 425; 9 Id. 16; *Moon* v. *Guardians, etc.* 3 Bing. N. C. 814; 5 Rep. 2 Mod. 285.)

II.   We might contend that the mortgage had become due by its terms, because the defendant, Leese, has made some compromises.   The third contingency is upon effecting any compromise with adverse claimants.   The reason is obvious, because

when he has released to a party in possession his title to a specific parcel, the other contingency can never happen, for he cannot then recover any portion of that lot in ejectment. Now the bill shows, and the answer admits, that he has sold specific parcels by metes and bounds, and the parties to whom he sold, or those claiming under them, are now before the Court setting up their titles—their adverse titles—Alcalde grants.

III.   The defendant's counsel contends, that admitting our construction of the contract to be correct, and that Leese cannot perform his contract, yet that his vendees may.

If he had assigned the whole interest it would even then have been questionable whether the contract would not have been broken.   But this is not the case.   He has sold out certain parcels in severalty.   He has conveyed a large part of the residue in divers fractional interests to various parties, and he retains a small fractional interest in the residue.   If he cannot perform certainly they cannot.   There is no community of interest. They are not tenants in common with Leese, and cannot join with him in any proceeding to carry out the intention of the contract.   If the position is correct that there must be a recovery of possession of the whole, it is just as impossible to his vendees now as it is to him.

The record imparted to these defendants full notice of all that we claim.   The first vendee knew that by taking that conveyance he was defeating the object of the contract between Leese and Vallejo.   He knew the legal effect of it, and that by that very act he made the whole mortgage due.   Those who took conveyances from Leese subsequently to this, took notice of that also, for the deeds were all recorded.

Defendant's counsel takes the position that if the sales made by Leese to the defendants who are in possession can be regarded in the light of "any compromise," that then the mortgage could only become due as to those lots, and then in a *pro rata* proportion.

1. We are not informed what that *pro rata* proportion is, nor how it is to be ascertained.   Whether it is to be regulated by the territorial proportion of those lots to the whole claim, or by the proportion of their respective values ; nor if the first, how

the territorial proportion is to be ascertained, for the lines of the grant do not correspond with the present survey of the city, and a large part of the claim necessarily takes in a part of the public streets.   2. But those were the first parcels alienated, and it is a rule of equity, that when property mortgaged is alienated in parcels, the mortgage is to be enforced upon them in the inverse order of their alienation.

TERRY, C. J. delivered the opinion of the Court—FIELD, J. concurring.

This is a proceeding to foreclose a mortgage on certain property in San Francisco.

The complaint alleges that Leese and Salvador Vallejo were joint owners of the premises, under a grant from the Mexican Government; that in August, 1850, Vallejo conveyed to Leese his moiety of the property, and at the same time, and as part of the same transaction, Leese executed the mortgage declared on; the condition of which is, that Leese shall pay to Vallejo the sum of twenty thousand dollars, "in the event that the said party of the first part shall be successful in a certain suit now pending for the recovery of said property, as above described, or in the event that he shall effect a compromise with the opposing claimants for the said property; the said sum of twenty thousand dollars to be paid when the said Leese enters into and takes possession of the said premises, by virtue of the judgment of any Court, or by any compromise that may be entered into by the said Leese and the opposing claimants to the said property, or when said Leese shall consummate any compromise with the opposing claimants or the relinquishment of his or their claim," and it was also agreed that "in the event the said Leese shall enter into any compromise with the opposing claimants to the aforesaid property, for the relinquishment of, or withdrawal of, his or their claim to the said property, then he is to become personally responsible to the said party of the second part for the said sum of twenty thousand dollars."

The complaint further alleges, that in August, 1853, Leese conveyed to Gregory Yale one-half of said property for the nominal consideration of thirty thousand dollars, but really in consideration of Yale's services in prosecuting his claims to the

property; that Leese made other conveyances to different persons of portions of the same property, retaining but a small interest therein.

That, by reason of these conveyances, Leese has "entirely precluded himself from the possibility of performing his agreement or undertaking," and that the sum of twenty thousand dollars became due and payable to Vallejo, under the agreement, on the 17th of August, 1853—the date of the conveyance to Yale; that the other defendants, grantees of Leese, have interest in the property, which is "subsequent and subject to the lien of the plaintiff," and prays for a sale of the property to pay this sum due upon the mortgage, and a personal judgment against Leese for any deficiency," etc.

To this complaint a demurrer was interposed, which was overruled, and, after a trial of the issues made by the pleadings, a judgment was rendered for plaintiff, pursuant to the prayer of the complaint.

It will be perceived, from the terms of the instrument, that the sum mentioned was to be paid only upon the happening of one of the contingencies expressed in the instrument. It seems that Leese and Vallejo were the joint owners of real property which was held adversely by others. Leese, in effect, agreed to assume all the risk and expense of the litigation necessary to recovery upon the title, and agreed to pay a sum to his cotenant if he succeeded in the litigation, or effected a compromise with the adverse parties, by which he secured the possession, or parted with his title to the premises.

It is not alleged that Leese has "succeeded in the litigation which was pending at the time of the contract," that he has "entered into possession of the premises by virtue of the judgment of any Court," or that he has "consummated any compromise with the opposing claimants for the relinquishment of his or their claim." Yet these were conditions precedent to plaintiff's right to recover. It is said, however, that having by his own acts rendered the performance of the conditions of the contract impossible, therefore the conditions are dispensed with and the contract is absolute; the premises being admitted, the conclusion is irresistible; but we think the assumption that the acts of Leese set out in the complaint, have rendered impossible

a compliance with the conditions of the contract, is erroneous. It is difficult to understand how the conveyance to Yale could be construed into a breach of the covenant to Vallejo. It seems to have been made in furtherance of the very object of the contract. The consideration of the agreement, says the complaint, was the services of Yale in prosecuting the claim. The employment of counsel was absolutely necessary to the conduct of the litigation, and certainly the adoption of a mode of compensation which was calculated to stimulate the zeal of counsel, by making his compensation depend upon the success of his efforts, could not injuriously affect Vallejo.

Nor do we perceive that the other conveyances mentioned amount to a breach of the terms of the contract, or render it impossible that the event upon which the sum was to become due to Vallejo should occur. In construing a contract, it is necessary, in order to arrive at the meaning and intention of the parties, that we should consider the situation of parties, the motive which led to, and the object sought to be obtained by, such contract. Leese and Vallejo claimed title to valuable property, which was held adversely, and about which a suit was pending. The motive of Vallejo, in entering into the contract, was to avoid the risk and expense of doubtful litigation, and the object to be attained was the maintenance of the grant to Leese and Vallejo, the recovery of possession by the owners of the grant, and the payment to Vallejo of the price agreed on. It was not necessary that Leese himself should recover; a recovery by any one claiming under him would sufficiently meet the requirements of the contract.

The vendees of Leese succeeded to his rights in the property, subject to such conditions and burdens as attached to it in the hands of their vendor, but to no other; and if the property in the hands of Leese could be charged with the payment of the sum sued for, only upon the happening of an event in *future*, we see no reason why it should be sooner liable in the hands of the vendee.

It is not alleged that possession of the property has been acquired by any of the grantees of Leese, that the title has passed to the adverse holders, or that the efforts to establish the grant

and recover under it, have been abandoned or suspended, in consequence of the conveyances from Leese.

We think the complaint does not contain facts enough to authorize a recovery, and that the demurrer should have been sustained.

Judgment reversed and cause remanded.