[No. 9788. In Bank. — December 6, 1888.]

## MICHAEL F. REDMOND, RESPONDENT, *v.* HENRY WEISMANN, APPELLANT.

ASSUMPSIT FOR WORK AND LABOR — PLEADING — DENIAL OF INDEBTEDNESS. — Whether the denial of indebtedness of the defendant in the sum sued for, or in any sum, for work and labor done and materials furnished by plaintiff for or to defendant in the construction of a certain monument, or at all, or at his request, raises an issue as to the amount or value of the work and labor, *quære*.

ID. — VERDICT — AGREEMENT AS TO ISSUES. — When in an action of *assumpsit* for work and labor it is agreed by counsel at the trial that there is only one issue to be tried by the jury, viz., as to whether plaintiff contracted with the defendant or with another person, and the court without objection charges the jury that there is no question or issue before them as to the value of the work claimed to have been done for the defendant, a verdict for the plaintiff not finding the amount of the recovery embraces all there was in dispute in the cause, and is sufficient to sustain a judgment for the amount claimed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The complaint alleges "that heretofore, to wit, on the tenth day of August, 1883, the said defendant was in- debted to plaintiff in the sum of $948.60 for work and labor done and materials furnished before that time by plaintiff for and to defendant in the construction of the foundation of the Garfield Monument in the Golden Gate Park of the city and county of San Francisco, and at his request." The answer "denies that on the tenth day of August, or at any time, the said defendant was indebted to the plaintiff in the sum of $948.60, or any sum, for work and labor done and materials furnished by plain- tiff for or to defendant in the construction of the foun- dation of the Garfield Monument in the Golden Gate Park of the city and county of San Francisco, or at all, or at his request." The further facts are stated in the opinion of the court.

*A. N. Drown*, for Appellant, cited Code Civ. Proc., sec. 626; *Stewart* v. *Taylor*, 68 Cal. 5; *Dougherty* v. *Haggin*, 56 Cal. 522; and *Watson* v. *Damon*, 54 Cal. 278.

*Edward P. Cole*, for Respondent.

A denial of the indebtedness, but not of the facts from which the indebtedness flows, is merely a conclusion of law, and raises no issue. (*Wells* v. *McPike*, 21 Cal. 219; *Lightner* v. *Menzel*, 35 Cal. 460; *Kinney* v. *Osborne*, 14 Cal. 113; *Curtis* v. *Richards*, 9 Cal. 38; *Caulfield* v. *San- ders*, 17 Cal. 573.) The case having been tried on the theory of an admission in the answer, with the consent of defendant, it is too late to raise the point that there was a denial in the supreme court. (*Tynan* v. *Walker*, 35 Cal. 645; 95 Am. Dec. 152; *Crowley* v. *City R. R. Co.*, 60 Cal. 630; *Clark* v. *Child*, 66 Cal. 91.) There being no issue as to the amount of liability, the verdict of the jury was sufficient. (*Hutchinson* v. *Inyo Co.*, 61 Cal. 120; *Pierce* v. *Schaden*, 62 Cal. 285.)

THORNTON, J.—This action was brought to recover $948.60 for work and labor and materials furnished to defendant in the construction of the foundation of the Garfield Monument in Golden Gate Park.

The first point regards the verdict of the jury herein, which is in these words: "We, the jury in the above-entitled action, find for the plaintiff."

It is urged that the amount of the recovery of plaintiff is not found by the verdict; that issue was joined on the amount due; and in failing to find it, the verdict does not respond to all the issues in the case, is therefore insufficient, and judgment should not be entered on it.

On examining the complaint and answer, we are not prepared to say, in view of the decisions of this court in *Wells* v. *McPike*, 21 Cal. 219, and *Lightner* v. *Menzel*, 35 Cal. 460, that the position above stated in regard to the pleadings is correct.

But be that as it may, it appears that at the commencement of the trial a discussion took place between the counsel of the respective parties as to the issues to be tried in the cause, and that they concurred in the opinion that the only issue to be tried was, whether plaintiff contracted with defendant or some one else. No reference was made in this discussion to any issue as to the amount claimed or due. The only issue spoken of as awaiting trial, referred to in the discussion, was the one above stated.

To this issue the testimony was directed, and when the court came to instruct the jury, its directions were in accordance with this view of the issue they were to pass on.

We quote here that portion of the charge of the court which relates to this subject. It is as follows:—

"The only question for you to pass upon is this: Did the plaintiff and the defendant in this case make an agreement for the building of the second foundation? That is the question for you to pass upon,—whether the

plaintiff and the defendant made that agreement, as testified to by the plaintiff, and that the plaintiff entered upon this contract under the agreement between the plaintiff and defendant. The only question of fact for you to pass upon is, Did the plaintiff and defendant enter into a certain contract for the completion of the second foundation? If you find from the evidence that the defendant agreed with the plaintiff for the plaintiff to build the second foundation, and that the plaintiff did build the same, then your verdict must be for the plaintiff for the amount claimed in the complaint, for the defendant does not deny that the work done was of the value claimed.

"If, on the other hand, you believe the evidence of the defendant, that he did not make any contract with the plaintiff, then your verdict must be for the defendant.

"Now, gentlemen, you cannot consider the difference between the price of the first foundation and the second; you must not consider that at all. If the plaintiff is entitled to anything, he is entitled to the whole amount claimed. There is no question about the·value of the work at all."

There was no exception by counsel for defendant reserved to the charge, but it was accepted by him as correctly presenting the law of the case to the jury.

Under the state of the case here presented, the counsel for defendant having agreed that the only issue to be tried was that which was tried, that the court charged the jury that the only issue to be determined by them was that which they did determine, and that the counsel for defendant did not in any manner object to or except to the charge, we are of opinion that the cause should be regarded as one where the amount of money claimed was not in issue, that the only matter counsel intended to contest was the responsibility of his client, the defendant, and that being found against him, the verdict should be for the amount claimed. There being no con-

troversy as to the amount claimed by plaintiff, the verdict did embrace all there was in dispute in the cause, did cover all the issues, and was sufficient.

Considering the peculiar features of this case, we see no good reason for sending it back for a new trial, because the jury under the charge of the court did not follow the direction of the statute (Code Civ. Proc., sec. 626), and by their verdict "find the amount of the recovery."

We have considered the other points made on behalf of appellant, and find nothing which would authorize a reversal.

Judgment and order affirmed.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., and PATERSON, J., concurred.