[No. 12644.   Department One. — December 8, 1890.]

GRIFFITH GRIFFITH, APPELLANT, v. FRANK HAPPERSBERGER, RESPONDENT.

ASSUMPSIT FOR WORK, LABOR, AND MATERIALS — SPECIAL CONTRACT — SUBSTANTIAL PERFORMANCE — FINDINGS — APPEAL — SUPPORT OF JUDGMENT — REVERSAL UPON FINDINGS. — In an action of *indebitatus assumpsit*, to recover for work and labor done and materials furnished, where the defendant pleads a special contract, which he alleges the plaintiff failed to perform, if the findings show that the contract was substantially complied with by the plaintiff, and that every technical failure of the plaintiff to comply with its strict letter was cured by the acts and consent of the parties, a judgment in favor of the defendant is not supported, and will be reversed upon appeal, and judgment will be ordered in favor of the plaintiff, upon the findings, for the balance due upon the contract.

ID. — ANOTHER ACTION PENDING — SUIT BY SUBCONTRACTOR — FINDING OUTSIDE ISSUES — RES ADJUDICATA — PARTIES. — When the answer in such action does not plead another action pending which had been first

brought by the subcontractor of the plaintiff against the agent of the defendant to recover for a foundation built pursuant to the contract, a finding that such action was pending is outside the issues, and a judgment in such prior action against the agent of the defendant cannot estop the plaintiff, who was no party to the former action, from recovering for the same foundation, if the court finds that it was built by the plaintiff and accepted by the defendant.

ID. — OFFSET — JUDGMENT AND COSTS — ACTION BETWEEN THIRD PARTIES. — The judgment and costs in such former action, in favor of the subcontractor and against the agent of defendant, cannot be deducted from the balance unpaid on the contract between the plaintiff and the defendant, nor can it be offset so as to reduce the amount of the plaintiff's recovery.

ID. — FINDINGS — PERFORMANCE OF CONTRACT — NON-PAYMENT OF SUBCONTRACTOR — LIENS. — If the findings show how the contract was performed by the plaintiff, and state facts showing that the contract was substantially complied with, they sufficiently sustain an allegation of full performance, notwithstanding a finding that plaintiff had not paid all the bills for work done by his subcontractor, as contemplated by an unnecessary provision of the contract for the prevention of liens, which did not and could not accrue in favor of such subcontractor, against the person creating the structure.

ID. — APPROVAL OF ARCHITECTS — PERFORMANCE RENDERED IMPOSSIBLE. — A finding that the plaintiff did not procure the approval of certain architects named in the contract, as provided by its terms, taken in connection with another finding, showing that the defendant, by his own act in dismissing such architects from his employ, rendered strict performance impossible, and that the plaintiff obtained the certificate of other architects in charge of the work, shows a sufficient compliance with the contract in that regard.

MECHANICS' LIENS — MONUMENT IN PUBLIC PARK — FIXTURE — PRIVATE CONTRIBUTION. — A monument erected upon and as an adornment of one of the public parks of a municipality, and which is affixed to the freehold, becomes a part of the land, and is the property of the municipality, and cannot be made the subject of a lien for labor or materials, though built by private contribution.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Edward P. Cole,* for Appellant.

The findings show that everything that plaintiff had to perform was done, save satisfying the architects that he had paid his bills. The certificate of the architects, given

September 13, 1883, is conclusive in plaintiff's favor, as to the acceptance of the work. (*Moore* v. *Kerr*, 65 Cal. 519; *Kihlberg* v. *United States*, 97 U. S. 401; *Sweeney* v. *United States*, 109 U. S. 618; *Martinsburg* v. *Potomac R. R.*, 114 U. S. 549.) The findings show a substantial compliance with the terms of the contract. That is all that is ever required in building contracts. (*Voorman* v. *Voight*, 46 Cal. 393; *Swain* v. *Seamens*, 9 Wall. 263; *Sinclair* v. *Tallmadge*, 35 Barb. 604.) The findings show that defendant prevented plaintiff from getting the certificate of the original architects, and that, by consent of all parties, Wright, Macy, and Kenitzer were substituted in their stead. If defendant, by his own act, renders the performance of the conditions of the contract impossible, the conditions are dispensed with. (Civ. Code, sec. 1512; *Steinbach* v. *Leese*, 13 Cal. 367; *Reynolds* v. *Jourdan*, 6 Cal. 111; *Wolf* v. *Marsh*, 54 Cal. 228; *Houghton* v. *Steele*, 58 Cal. 424; *United States* v. *Peck*, 102 U. S. 65; *Hotham* v. *East Ind. Co.*, 1 Term Rep. 645; Benjamin on Sales, sec. 567.) Happersberger, having received all the money due him from the Garfield Association, cannot refuse to pay for the very work for which he was paid without objection. (*Cox* v. *McLaughlin*, 76 Cal. 60; 9 Am. St. Rep. 164; *Union R. R. Co.* v. *Dull*, 124 U. S. 182.) The contract only required bills to be paid to prevent liens on the monument. The subcontractor could not sue the person erecting the structure except to enforce a lien (*Bowen* v. *Aubrey*, 22 Cal. 566); and no mechanic's lien could have been enforced against this monument, for it belonged to the municipality of San Francisco. It was affixed to the freehold of Golden Gate Park, and thus became part of the land. (*Portland Co.* v. *School District*, 13 Or. 283; *Leonard* v. *City of Brooklyn*, 71 N. Y. 498; 27 Am. Rep. 80.) The finding about the suit of *Redmond* v. *Weismann*, then pending, is mere surplusage, and can lend no support to the judgment. It is *res inter alios acta.*

A. N. Drown, for Respondent.

The first foundation was confessedly faulty. Redmond claimed to do the concrete work of the second foundation for Weismann, and at his cost and charge. He has sued Weismann for it, and recovered judgment. Weismann is Happersberger in this matter, and the principal will have to make good to his agent any loss. (Wharton on Agency, secs. 310, 311, 313.) Plaintiff did not do this work, and cannot be paid for it. The contract was entire, and plaintiff cannot recover without showing a full performance on his part. (2 Parsons on Contracts, 675; *Ernst* v. *Cummings*, 55 Cal. 179; *Bohall* v. *Diller*, 41 Cal. 535; *Barron* v. *Frink*, 30 Cal. 488; *Hill* v. *Grigsby*, 35 Cal. 656; Civ. Code, secs. 1436, 1439; *Castagnino* v. *Balletta*, 82 Cal. 250.) The certificate of acceptance by the architects of the monument association was *res inter alios acta*, and did not bind defendant. The acceptance by the architects did not relieve plaintiff from his agreement to ᴨerform the work according to the plans and specifications. (*Glacius* v. *Black*, 50 N. Y. 145; 10 Am. Rep. 449; *Bigler* v. *Mayor*, 9 Hun, 259.)

Fox, J. — Appeal from the judgment, and the case comes up on the judgment roll alone, appellant claiming that the findings of fact are such as entitle him to judgment, and that the court erred in its conclusions of law, and in rendering judgment on the findings for defendant.

The complaint is in *indebitatus assumpsit*, for the recovery of $2,050, for work and labor done and materials furnished. The answer denies the allegations of the complaint, and then sets up, as a further defense, that all the work and labor done and materials furnished for or to the defendant by plaintiff were done and furnished under a special agreement in writing, and that plaintiff has not performed the agreement on his part, and he is

not entitled to any further compensation thereunder.
Defendant then, by way of counterclaim and cross-
complaint, sets out the substance of the agreement, and
alleges divers failures on the part of plaintiff, by reason
whereof he claims to have suffered damage in the sum
of two thousand dollars, for which he prays judgment
against plaintiff.    There was an answer to this cross-
complaint, and upon the issues thus framed the case
was tried before the court without a jury.

The court found that the plaintiff did not perform
labor or furnish materials for defendant, and the defend-
ant did not undertake or promise to pay otherwise than
in accordance with the terms of a written contract, dated
December 1, 1882, which is set out in the findings in
full.    From this contract it appears that the defendant
was the original contractor for the erection of the Gar-
field Monument, in Golden Gate Park; that he entered
into this subcontract with the plaintiff to do all the
work and furnish all the material for the excavation,
concrete foundation, and granite base of the monument,
ready for the statue.    The details of the work which the
plaintiff undertook to do are very fully set out, but need
not be as fully repeated here.    The contract price was
$5,650.    The work and material were, among other
things, to be according to plans and specifications made
by Townsend and Wyneken, architects in the employ
of defendant; twelve hundred dollars were to be paid
when the corner-stone and the first base course was set,
and the balance "when all is cut and set in position,
and accepted by the architects."    By another paragraph,
however, it was provided that "before any payment is
made under the contract, the party of the second part
[plaintiff] shall satisfy the said architects " that all ma-
terials furnished, and all the work of mechanics, labor-
ers, and others employed or hired by the plaintiff,
"have been fully paid, so that no lien can be filed
against said work or such materials, mechanical work,

or labor." Also, "no payment to be made without a certificate be obtained and signed by said architect that the said payment is due, and according to the terms of the contract."

It is further found that the plaintiff, by and through one M. F. Redmond, "his subcontractor," built a concrete foundation; and in another finding, that plaintiff paid Redmond for building it, but that this foundation was not in accordance with the contract between plaintiff and defendant, and was rejected; that after such rejection, "plaintiff's agent and subcontractor, Redmond," built another concrete foundation, beside the first, which was accepted, and upon it the iron, granite, brass, and copper work, and in short, the monument complete, was subsequently erected.

The court further finds that for this second concrete foundation the plaintiff has not paid Redmond; also, that some of the copper clamps and rods used in the other work of plaintiff were not set in lead, as required by the letter of the contract, but were set in sulphur instead; but that the work in this behalf was satisfactory to and was accepted by the monument association, the parties with whom defendant made his original contract, and was a substantial compliance with the terms of plaintiff's contract.

There is no finding of any failure to pay for all materials furnished and all labor done, except the one above mentioned, of the non-payment of Redmond for the building of this second concrete foundation; nor is there a finding that any lien was ever filed against the structure in any form whatever, although, according to another finding, Griffith's work was finished in or before September, 1883, and this action was not commenced until July, 1885.

It is found that plaintiff's work was not done to the satisfaction or under the direction of said Townsend and Wyneken, and that plaintiff never procured their certifi-

cate, as required by the contract; but the court finds
further, in that behalf, on the 15th of May, 1883, defend-
ant dismissed the said Townsend and Wyneken from his
service, and in writing released them from all responsi-
bility as his architects of said monument, and that by
reason thereof the plaintiff was prevented from procuring
their approval or certificate. It is further found that
from and after May 15, 1883, no architect was employed
by defendant in the premises, and none were connected
with the construction of the monument except Wright,
Kenitzer, and Macy, who were competent and experi-
enced architects, employed by, acting under, and repre-
senting the monument association; that on September
15, 1883, plaintiff did procure from them a certificate
that he had "completed his contract for the excavation,
concrete-work, granite-work, iron and copper work, re-
quired in the erection of the Garfield Monument, in
Golden Gate Park, city and county of San Francisco, as
per contract dated the first day of December, 1882";
that no certificate of any architect was ever furnished
that all or any of the work or materials used or furnished
for the building of said second concrete foundation had
ever been paid for; that in fact the same had not been
paid for, and that there was, at the time of the filing of
said findings, another action pending in the same court,
brought by Redmond against one Weismann, the agent
and representative of defendant, for the recovery of the
sum of $948.60 for such materials and labor.

We may remark here that this finding as to the pen-
dency of another suit is not within the issues in this
cause.

After he had procured the certificate of Wright, Ken-
itzer, and Macy, above mentioned, payments were made
to plaintiff to the amount of three thousand seven hun-
dred dollars. No other or further sum is found to have
been paid to him.

The findings are voluminous, but we think we have

here given sufficient of the substance of them for the purposes of the consideration of the point made by appellant.

The conclusions of law upon these findings were all in favor of the defendant, and judgment was entered accordingly.

Even with the assistance of the able counsel for the respondent, we are unable to discover any principle of law upon which these conclusions and judgment can be sustained.   For every technical failure to comply with the strict letter of the contract found by the court, the court has also expressly found the antidote.   The first concrete foundation was a failure; but the court finds that plaintiff paid for a concrete foundation, and that "his agent and subcontractor" built a second one, which was approved and accepted.   It is said that the plaintiff did not pay for this second one.   Both were built by a subcontractor under him, and it does not appear that he was under any other or greater obligation to pay his subcontractor for both than defendant was to pay him for both, and there is no pretense of such an obligation. But it is further said that the court has found another suit pending, brought by that subcontractor against the agent of defendant to recover for the second foundation; and counsel cites the records of this court (*Redmond* v. *Weismann*, 77 Cal. 423) to show that judgment has gone against the agent of defendant in that suit.

The finding was not within the issues of this cause, and cannot be regarded.   The judgment in the case cited was on the findings in that cause, — a cause in which this plaintiff was not a party, and in which his rights could not be tried.   If through any mistaken theory of that case, or want of proper defense, judgment went against Weismann, when if the real facts had been known it would have gone otherwise, it may be Weismann's misfortune; but it is one by which this plaintiff cannot be estopped, for in it he was not heard, and had no day in

court.   This case must stand upon its own findings, and they, taken as a whole, will bear no other construction than that the accepted foundation was built by plaintiff, as well as the rejected one.

There is a finding that plaintiff has not paid all the bills, as it is claimed that under the contract he was bound to do.   That finding, however, has reference solely to the non-payment of Redmond for this second foundation.   Besides, it is not found that he has not so paid the bills as that no liens shall be filed or accrue, and the contract shows that this was the only purpose of that clause in the contract.   It was a clause evidently taken from an ordinary builder's contract, and in this case was an unnecessary one, for the monument, though built by private contribution, was erected upon and as an adornment of one of the public parks of the municipality, and could not be made subject to lien.   It was affixed to the freehold, and thus became a part of the land, the property of the municipality.   (*Portland Co.* v. *School Dist.*, 13 Or. 283; *Leonard* v. *City of Brooklyn*, 71 N. Y. 498; 27 Am. Rep. 80.)   Plaintiff has alleged full performance.   The court has found how he performed, and in this regard we think it amounts to a finding of full performance.

It is found that there was not a strict performance of the letter of the contract in the matter of the setting of certain clamps and rods; but it also found how plaintiff performed in that regard, and expressly finds that it was a substantial compliance with the terms of the contract, and was accepted and approved.   This was all that was required.   (*Voorman* v. *Voight*, 46 Cal. 393.)

It is also found that plaintiff did not procure the approval or certificate of architects Townsend and Wyneken, but in the same connection it is found that defendant, by his own act, rendered it impossible to do so, and that plaintiff did get the certificate of the architects in charge. This was a sufficient compliance with the contract in that

regard. (*Reynolds* v. *Jourdan,* 6 Cal. 111; *Steinbach* v. *Leese,* 13 Cal. 367; *Wolf* v. *Marsh,* 54 Cal. 228; *Houghton* v. *Steele,* 58 Cal. 424; Civ. Code, sec. 1512.)

Under these findings, we are clearly of the opinion that the conclusions of law and the judgment should have been in favor of plaintiff. It was suggested on the argument that if this conclusion was reached, the judgment should be for the balance unpaid on the contract, less the amount of the judgment and costs in the case of *Redmond* v. *Weismann.* The record in this case furnishes no justification for such an order. The plaintiff has never had an opportunity to be heard as to whether he was liable for any part of the sum for which that judgment was recovered.

Judgment reversed, with directions to the court below to enter judgment on the findings in favor of plaintiff, and against defendant, for the sum of $1,950 (that being the unpaid balance of the contract price), with interest thereon from September 15, 1883, the date of the architects' certificates.

PATERSON, J., SHARPSTEIN, J., McFARLAND, J., WORKS, J., and THORNTON, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the fourth day of January, 1891:—

THE COURT. — In this case the petition for a rehearing is denied, but the judgment is modified to this extent: the superior court will compute interest on the amount awarded to respondent from January 1, 1885, as prayed for in the complaint, instead of September 15, 1883, the date of the architects' certificate.