## ELECTRIC IMPROVEMENT COMPANY v. SAN JOSE & SANTA CLARA RAILROAD COMPANY.

### No. 14,423; November 12, 1892.

#### 31 Pac. 455.

**Verdict—Specifying Amount—Costs.**—Code of Civil Procedure, section 626, provides that where a defendant establishes a claim for the recovery of money, in an action for the recovery of money, greater than the claim established by plaintiff, the jury must find the amount of the recovery. Held, that a verdict for defendant "for its costs" is not within the meaning of the statute, because such a verdict is for costs only, and there is no recovery by either party.

**Contract—Action for Services—Evidence.**—In an action to recover for services by plaintiff in constructing an electric railroad for defendant, and for damages by reason of defendant's failure to perform its part of the contract, defendant set up by way of counterclaim that plaintiff had abandoned the contract before completing the road, and it appeared that the road had been sold in an uncompleted state. Held, that evidence of the price for which it was sold was inadmissible, since such evidence would not affect the amount of damages defendant would be entitled to by reason of plaintiff's failure to complete the road.

APPEAL from Superior Court, Santa Clara County; F. E. Spencer, Judge.

Action on a contract by the Electric Improvement Company against the San Jose and Santa Clara Railroad Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Haggin, Van Ness & Dibble for appellant; F. B. Laine and Jackson Hatch for appellee.

HAYNES, C.—This action was brought by plaintiff to recover $1,196.59, alleged to be due from defendant under a contract for the construction and electrical equipment of a street railroad from San Jose to Santa Clara, and the further sum of $17,328.49 damages for an alleged refusal and neglect of the defendant to perform its part of said contract. The answer denied defendant's alleged failure to perform its contract, and that anything was due plaintiff; and by way of counterclaim alleged that plaintiff quit and abandoned the contract, to defendant's damage in the sum of $100,000. The cause was tried before a jury, which rendered the following verdict: "We, the jury in the above-entitled cause, find a verdict for the defendant for its costs." Judgment was entered upon the verdict in favor of the defendant for its costs in the sum of $273.50. Plaintiff took a bill of exceptions, and moved thereon for a new trial, which was denied, and appeals from the judgment and the order denying a new trial.

Appellant contends for a reversal upon two grounds:

1. That the verdict is void and insufficient to support the judgment, for the reason that it fails to specify the amount to be recovered. Section 626 of the Code of Civil Procedure provides: "When a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant when a counterclaim for the recovery of money is established, exceeding the amount of the plaintiff's claim as established, the jury must also find the amount of the recovery." If the jury find nothing in favor of the plaintiff, and did not find in favor of the defendant upon its counterclaim an amount exceeding the amount established by the plaintiff, the verdict would necessarily be for the defendant, and the defendant, on such verdict, would be entitled to costs. In such case the jury could not specify the

amount of any recovery, for there was no recovery by either party. There is nothing in the record to indicate that a different verdict was intended by the jury, or that it was based upon any other ground. The addition of the words, "for its costs," was harmless surplusage. The verdict, without this addition, would have given costs to the defendant, and hence the plaintiff was not prejudiced. Watson v. Damon, 54 Cal. 278, cited by appellant, is not in point. There the jury found for the plaintiff $2,250, with interest at ten per cent per annum from a given date, less the amount of notes of the value of $950, "with interest on said notes"; but neither the verdict nor the pleadings gave any basis for the computation of the interest on the notes. In Redmond v. Weismann, 77 Cal. 423, 20 Pac. 544, the verdict was: "We, the jury in the above-entitled action, find for the plaintiff." In that case the amount of plaintiff's claim stated in his complaint was not in controversy; the sole controversy being as to the liability of the defendant. This court refused to send it back for a new trial, judgment having been entered for the amount stated in the complaint.

2. Appellant's second point is that the court erred in not permitting the question, "For how much?" The pleadings show that the road was only partly constructed under the contract. The only recital in the bill of exceptions explanatory of the ground upon which the question was based is the following: "During the trial defendant was allowed to introduce, in support of its counterclaim for damages, evidence of the entire cost of the road constructed by it under the contract set forth in the pleadings. Whereupon Jacob Rich, a witness, and a director and treasurer of defendant, was asked by Mr. Haggin (counsel for plaintiff): 'Question. Has the San Jose and Santa Clara Railroad Company sold its road? Answer. Yes, sir. Q. For how much?'" Defendant's objection that it was irrelevant and immaterial was sustained. Appellant insisted that, if defendant sold the road for more than it had paid out, it could not have been a loss to it. The contract required the plaintiff to furnish certain electrical supplies, and to construct certain work. It was not a contract for manufacturing or furnishing certain articles for sale, but for the construction of a railway for use. The cost of the work, so far as it had proceeded, might tend

to prove, where the plaintiff abandoned the work before completion, that it would cost the defendant more than the contract price to complete the work the plaintiff had contracted to do, and so aid the jury in determining one item of the damage sustained by the defendant. That, and the loss of the use of the railway for the time the construction was delayed by plaintiff's breach, would ordinarily be the measure of defendant's loss; and a profit made by the sale of the road could not affect the amount of the defendant's recovery in such case. Counsel for appellant, in their brief, insist that the evidence of the entire cost of the road, so far as constructed, necessarily created the impression upon the jury that, if the road was a failure, and utterly worthless, the defendant's loss was the amount expended; but the record does not disclose any evidence tending to show that defendant claimed the work done to be worthless. We think the question was properly denied; but, if it was error, appellant was not prejudiced, as the jury did not award damages to the defendant. We find no prejudicial error in the record, and therefore advise that the judgment and order appealed from be affirmed.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.