[Civ. No. 3538.  First Appellate District, Division One.—October 19, 1920.]

## MICHAEL F. MURRAY, etc., Respondent, v. CALIFORNIA CONSERVING COMPANY (a Corporation), Appellant.

[1] CONTRACTS—PREVENTION OF PERFORMANCE—QUANTUM MERUIT.— Where full performance by plaintiff of a contract to furnish materials and perform services has been prevented by the acts of defendant, plaintiff may treat the contract as abandoned, and bring a suit under common counts for the reasonable value of the materials furnished and services performed.

[2] ID.—INSTALLATION OF VENTILATING SYSTEM — AUTHORITY OF SUPERINTENDENT—EVIDENCE.—In this action against a corporation to recover the reasonable value of work and labor done and performed and materials furnished in connection with the installation of a ventilating system in defendant's packing plant, the evidence showed that the superintendent of the defendant, who had orally contracted with plaintiff for certain extra work, was so far in charge of defendant's packing plant as to possess at least ostensible authority to enter into such contract, and plaintiff was entitled to rely upon that fact in proceeding to do the work and to recover for the same.

[3] ID.—FAILURE TO COMPLY WITH GUARANTY—LACK OF HOUSING— LIABILITY.—The fact that the ventilating system would not function properly and accomplish its purpose, as guaranteed by plaintiff, did not bar plaintiff's right to recover for the reasonable value of the labor performed and materials furnished in connection with the installation thereof, where the failure or refusal to so function was due to the lack of proper housing which, under the contract, it was the duty of the defendant to provide.

APPEAL from a judgment of the Superior Court of Alameda County.  A. F. St. Sure, Judge.  Affirmed.

The facts are stated in the opinion of the court.

1.  Recovery where performance of contract has been prevented, note, 59 **Am. St. Rep.** 283.

2.  Authority of officer to represent corporation as inferred from manner in which he has been permitted to act, note, **Ann. Cas.** 1913D, 646.

Wise & O'Connor and Goldman & Altman for Appellant.

Harrison S. Robinson and Harry L. Price for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff for the sum of $2,305.23. The facts out of which the defendant's alleged liability arose were the following: In the month of September, 1917, the defendant had completed a building in connection with its packing plant in Hayward, which was to be used for packing and canning tomato products. On the top floor of this building was a room equipped with twenty-five large copper kettles, which were to be used in heating tomato pulp for the purpose of exhausting a certain quantity of water therefrom as to make the product fit for commercial purposes. It was found that when this portion of the plant was put in operation the said room became filled with steam so as to make it impossible for men to remain at work therein for any considerable length of time. It became necessary to remedy this condition immediately, and with that end in view the defendant's superintendent of the plant requested the plaintiff to call at the plant on the afternoon of September 27, 1917, for the purpose of consultation as to how to effectually remove the practical difficulties of the situation. The plaintiff suggested a system of ventilation by the use of fans and motors, and it was agreed that he should investigate the matter and report with respect to such system and the cost of installing the same. A few days later the plaintiff submitted a proposition in writing in which, representing the company with which he was connected, it was proposed to furnish and install certain fans and motors of specified sizes and power, together with the switch-boxes, starting devices, belting, and wires necessary to connect the same with the defendant's wiring system already installed in the building. By the terms of this proposition all necessary connecting, framing, carpenter work, housing, and the furnishing of all labor and material necessary for the installation of said motors and fans except that above specified was to be furnished by the defendant as the owner of the building. The plaintiff's proposition embraced the following statement: "It is the intention and understanding

that the three exhaust fans on the roof will exhaust the air and surplus steam from the room directly below and the 2-24″ fans in the window spaces will deliver fresh air into the room, thus making the work room as habitable as it is ordinarily expected of a room of its kind. Above work for the sum of $1,500." The defendant, acting through its said superintendent, accepted the foregoing proposition, and the work of installing the ventilating system was at once entered upon and, in so far as the plaintiff was concerned was completed on or about October 4, 1917. The system was at once put in operation, and for a portion of the first day apparently accomplished the purpose for which it was installed, namely, that of clearing the room of steam. Toward the close of said day, however, it was found that the motors stopped and refused to further function. The cause of this stoppage was apparently due to the fact that the defendant had not properly or sufficiently done the work of constructing certain conduits and housings for the protection of the motors and other material which the plaintiff had installed from the effect of the steam arising from the boiling mixture. When this fact was discovered a further oral agreement was made between the plaintiff and the superintendent of the defendant by which certain additional work was to be done by the former for the purpose of remedying these discovered defects. The plaintiff proceeded to do this extra work at an expense to him of $805.23. In the meantime, however, the defendant had not done certain work which it was to do for the purpose of housing the motors, and the result was that they again refused to function after a short period of trial on account of their contact with the steam of the superheated room. Thereupon the defendant, without further consultation with the plaintiff, removed all of the material used in the ventilating system installed by the plaintiff, and informed him that it did not wish him to do anything further in relation to the matter. The plaintiff demanded payment of the sum of $1,500 claimed to be due upon his accepted proposition, and the further sum of $805.23 for the extra work performed. These demands being by the defendant refused the plaintiff instituted the present action.

The complaint filed herein was in the form of the common count for work and labor done and performed and material

furnished by plaintiff to defendant, at the special instance and request of the latter, of the reasonable value of $2,305.23. The answer of the defendant consisted in specific denials of the averments of the plaintiff's complaint, and the cause went to trial upon the issues thus framed. At the time of trial the defendant presented and was permitted to file a further and separate answer, alleging in substance, though not in express terms, the agreement between the parties with reference to the installation of said ventilating system, and then proceeding to aver that such ventilating system so installed under said agreement had proven unsatisfactory, and had failed to so exhaust the air and surplus steam from the premises, or to so deliver fresh air into the same as to render the same habitable or to make it possible for the workmen of defendant to continue their labors in the said room, and that for that reason the defendant had been compelled to remove and did remove the plaintiff's ventilating system from the premises.

Upon the introduction of evidence *pro* and *con* upon the issues thus framed the cause was presented to the jury under the instructions of the court, and the jury presently returned a verdict in the plaintiff's favor for the full sum demanded in his complaint. From the judgment entered upon such verdict the defendant prosecutes this appeal.

The first contention of the appellant is that the trial court was in error in giving to the jury the following instruction: "If you find from the evidence that a portion of the work incidental to the ventilating system was to be done by the defendant corporation, then there was an implied contract on the part of the defendant to perform its share of such work in such manner as to enable the plaintiff to complete his share of the work in the manner agreed upon. And if you find that the defendant failed to perform in a workmanlike manner its share of the work, and such failure prevented plaintiff from completing the work, then your verdict should be in favor of plaintiff and against defendant."

And again: "If the ventilating apparatus failed to ventilate the building because of careless or unskillful installation by the employees of the defendant of the wiring system, or the failure to house, or the careless or unskillful housing,

by the employees of the defendant of any of the motors
which constituted part of such ventilating system, then the
defendant, and not the plaintiff, is answerable for such
failure.''

The basis of the appellant's objection to these instructions
is its claim that the plaintiff, having predicated his action
upon performance on his part of the agreement for the in-
stallation of the ventilating system in question, and having
failed to show performance on his part of that portion of
said agreement which is above quoted, as expressing the in-
tent and understanding that the ventilating system would
so exhaust the steam-laden air from and so deliver fresh
air into the work room to be ventilated as to make the same
habitable for the workmen employed therein, was not under
such a pleading entitled to prove prevention of performance
on the part of the defendant as a basis for his recovery
under the common counts; and hence that the above-quoted
instructions on the part of the court were erroneous.

We find no merit in this contention. [1] The plaintiff
brought this action in the form of the common counts upon
the theory, well established in a long line of cases in this
state, that where full performance on the part of the plain-
tiff has been prevented by acts of the defendant, the plaintiff
may treat the contract as abandoned, and bring a suit under
the common counts for the reasonable value of the materials
furnished and services performed.  (*Jones & L. Co.* v. *Doble
Co.,* 162 Cal. 497, [123 Pac. 290]; *Brown v. Crown G. M.
Co.,* 150 Cal. 376, [89 Pac. 86]; *Griffith* v. *Happersbergcr,*
86 Cal. 605, [25 Pac. 137, 487].)  In accordance with the
principle announced in these cases we are of the opinion that
the plaintiff was entitled to bring this action in the form of
a common count, and to introduce thereunder the contract
entered into between the parties, and show the defendant's
acts amounting to an interference with the full performance
of the same upon the part of plaintiff,. and to recover there-
under the amount specified in said contract and the reason-
able value of such extra work as had been done under the
supplementary oral agreement.  The instructions of the
court to which the defendant objected were, therefore, cor-
rect in their application to the facts of the case at bar.  The
cases cited by the defendant in support of his foregoing con-

tention do not sustain it, and when examined in the light of the facts to which they refer are not in conflict with the authorities above cited.

[2] The next contention of the appellant is that the plaintiff, in so far as he relied upon his alleged right to recover for the extra work done under the oral agreement between him and the superintendent of the defendant, was not entitled to recover for the same, for the reason that he failed to establish authority on the part of said superintendent of defendant to enter into said oral supplementary agreement, and we find this contention also to be devoid of merit. The evidence, in our opinion, sufficiently shows that the superintendent of defendant was so far in charge of the operation of its packing plant as to possess at least ostensible authority to make both of the agreements in question, and that the plaintiff was entitled to rely upon that fact in proceeding to do the work performed by him under the supplemental oral agreement, and hence was entitled to recover for the same.

[3] The final contention of the appellant is that the plaintiff by his written agreement in substance guaranteed that the ventilating system to be installed by him thereunder would exhaust the superheated air and steam from the place in which it was to be installed, and would so introduce fresh air into the same as to render it habitable for workmen, and that having failed to perform this condition of his contract he is not entitled to recover. The difficulty with this contention consists in the fact that the evidence sufficiently shows that when the plaintiff's ventilating system was installed and put in operation it did for a time accomplish its purpose, and only failed to do so when its motors and material had been so affected by contact with the steam within said room as to refuse to function, which contact was due to the lack of proper housing, which, under the aforesaid agreement, it was the duty of the defendant to have provided. We find, therefore, that this final contention of the appellant is also untenable.

Judgment affirmed.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1920.

All the Justices concurred.