No. 58.—JOHN N. PHILLIPS *et al.* plaintiffs in error, *vs.* BEHN & FOSTER, defendants in error.

[1.] The Superior Court has power to rectify an order establishing a lost paper, by the paper itself, when found.

[2.] It is to be presumed that a verdict which is expressed to be "for principal and interest," is meant to be for the principal and interest claimed in the declaration, especially if judgment has been entered up for the principal and interest thus claimed, and the defendant makes no objection to the judgment.

[3.] That there is an injunction against paying out part of a fund in the hands of a Sheriff, is no reason why the rest of the fund should not be paid out, and paid out to the claimants upon it according to the priorities of their respective claims.

[4.] When a third person advances the money due upon a judgment, and takes no transfer of the judgment from the plaintiff, but takes a mortgage from the defendant, to secure the repayment of the advances, the intention, it is to be presumed, is to extinguish the judgment and to rely exclusively upon the mortgage as security for the repayment of the money advanced.

[5.] Where a Sheriff has levied a number of *fi. fas.* and is selling under them all, he is not at liberty to make an arrangement with the plaintiffs, in some of the *fi. fas.* to receive from them, in payment of such of the property as they may buy, something else than cash, unless he has the permission of the plaintiff in the other *fi. fas.* to make the arrangement.

[6.] Property alienated pending an appeal, is as much bound for the payment of the damages for a frivolous appeal, as it is for the payment of the rest of the amount of the appeal judgment.

Rule, against the Sheriff. In Dougherty Superior Court. Decided by Judge LOVE, November Term, 1855.

Behn & Foster having a *fi. fa. vs.* Andrew Y. Hampton, moved a rule *vs.* the Sheriff, to show cause why he should not pay the amount due thereon from the fund in his hands.

The Sheriff objected to the granting of a rule absolute, on the following grounds:

1. Because the Behn & Foster *fi. fa.* and judgment, was upon an established record, the original having been lost; and from said record, it did not appear that there ever had been any judgment at Common Law *vs.* said Hampton, while,.

by the date of the judgment on the appeal, said judgment was not entitled to any fund in Court. Since said established declaration, the original had been found and was in Court, upon which it appeared that there had been a judgment at Common Law, of a date older than any of the mortgages.

2. Because it did not appear from said established declaration, that the cause had been transferred from Baker Co. when the action was brought to the new County of Dougherty, in terms of the law creating said county, which requires the Clerk's certificate to the original papers, there being no such certificate by the Clerk of the Superior Court of Baker County. But on said original declaration found, there was such certificate, and the Court permitted Counsel for Behn & Foster, *instanter*, to take an order perfecting and making regular the conflict between the two records.

3. Because there was no verdict on the appeal to support such judgment, said pretended verdict being only for principal, interest and costs, and $12\frac{1}{2}$ per cent. damages, without stating any amount.

4. Because a bill had been filed by Charles W. Horn and others, against said fund, setting up a lien upon and prior to all judgments and mortgages, for a claim against said Hampton as the guardian of certain minors; and under said rule, said fund was enjoined against all persons, to the extent of $15.000, which injunction was still operative, and Behn & Foster would be compelled to contribute, *pro rata*, to the satisfaction of said claim, if successful upon a hearing.

5. Because the mortgage of said Wm. H. Young and John D. Atkins, making the firm of Wm. H. Young & Co. was the junior mortgage, but was predicated on a certain fund that said firm advanced to the Sheriff of Dougherty County, on certain judgment indebtedness of said Andrew Y. Hampton, which judgments were older than the Behn & Foster judgment, or any of the mortgages, and Counsel for Young & Co. asked time to file a bill against the other creditors, that a decree may be rendered, subrogating them to the rights and

liens so paid for, to the Sheriff of Dougherty County, and providing, generally, for the distribution of the fund in Court, settling the equities between all the parties in interest.

6. Because said fund ought not to be distributed until it is first ascertained what mortgagee shall be postponed on account of said Behn & Foster's lien, or whether they shall all contribute *pro rata* to its satisfaction. It also appeared that the mortgage property had been bid off by the several mortgages, and their several bids taken as cash. Upon hearing these objections, the Court over-ruled them all and permitted Counsel for Behn & Foster to take a rule absolute for the principal, interest and costs of said *fi. fa.* including damages on the appeal. To all which Counsel excepted.

LYON & CLARK, for plaintiffs in error.

BUFORD & CONNELLY, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The Court below certainly had the *power* to pass the order for the rectification of what is called the record. The power to establish lost papers, is a power to establish them correctly. And so, the Court had the power to pass an order for imparting to the papers or "record," when found, the virtue which it had when lost, if, indeed, such an order was needed.

These powers the Court had under the grant of power to the Courts in respect to lost papers made by the Judiciary Act of 1799, and the grant to them of power to amend made by the Act of 1818. (*Pr. Dig.* 420, 442.)

And if the Court had the power, the case was obviously one in which the power should have been exercised.

There is nothing then, in the first two grounds of the Sheriff's showing.

When a verdict is expressed to be for principal and interest, the presumption must be, that the principal and interest

meant, are the principal and interest claimed in the declarations. What else can be meant? And we are bound to give to a verdict some meaning, if possible.

It has been common in practice, that a verdict should be expressed to be for a named sum, "as principal, besides interest." And it has always been considered that the interest intended by such a verdict, was interest to be counted on the sum named, and from the time when that sum fell due, according to the declaration.

[2.] The principle which will justify such a presumption, will justify a presumption, that in a verdict of the former sort, the "principal" meant is the principal claimed in the declaration.

Especially will it justify such a presumption, if the judgment is entered up for that sum as principal, and the *defendant* in the judgment takes no exception to the judgment.

[3.] The fund in the hands of the Sheriff, amounted to over $20.000. Of this sum the bill filed by Horne and others, enjoined as much as $15.000 and no more. The existence of the injunction, therefore, constituted no reason why the excess over $15.000 should not be paid out to judgments according to their comparative priorities. The fact that there was or might be a claim on a part of the fund, of a dignity superior to that of any of the judgments, could not change the relations which the judgments bore to one another in respect to the other part of the fund.

[4.] When Wm. H. Young & Co. advanced to the Sheriff the amounts of the judgments against Andrew Y. Hampton, mentioned in the statement of facts, and took a mortgage from him to secure the repayment of the advances, they, it is to be presumed, intended to extinguish the judgments and to rely exclusively on the mortgage for their security; otherwise, they would have taken a transfer of the judgments, and would not have gone to the trouble which, in that case, would have been useless, the taking of the mortgage.

But if we have to make this presumption, then we have to say, that in respect to these judgments—judgments thus to

be considered extinguished—there exist no rights to which they, Wm. H. Young & Co. can be subrogated.

At all events, it will be time enough for the *Sheriff* to set up this objection, when Wm. H. Young & Co. step forward and get their claim of subrogation recognized by a Court.

[5.] The fund in the hands of the Sheriff was the proceeds of the sale of property which had been sold under *all* the *fi. fas.*—the *fi. fa.* of Behn & Foster not less than the mortgage *fi. fas.* It was at the peril of the Sheriff, therefore, that he made any arrangement with the plaintiffs in the mortgage *fi. fas.* without consulting the plaintiff in the other *fi. fa.*—any arrangement by which he was to receive, in payment for the property, aught but cash. The command of that execution to him continued to be, to receive nothing but cash, an arrangement of that sort to the contrary, notwithstanding.

The property from which the fund in the Sheriff's hands was raised, had been "alienated" by the defendant in this Behn & Foster *fi. fa.* at some time between "the signing of the first judgment and the signing of the judgment on the appeal;" that is, the property had, in that interval, been mortgaged to these mortgagees.

It was decided, when this case was up before, (at Americus, in 1855,) that a mortgage is an alienation in the sense of the word alienation, as used in the Act of 1822, which makes property alienated between the signing of the judgment on the appeal and the signing of the judgment below, subject to the judgment on the appeal. (*Pr. Dig.* 451.)

The question now is, whether the property thus alienated, is bound for the *damages* in the appeal judgment, given for a frivolous appeal.

The Act of 1822 must mean, that no defendant shall, by the alienation of his property, pending an appeal, put the property in a condition in which it shall not be subject, either to the judgment on the appeal or to the judgment below. One of these two things it must mean. But it cannot mean the latter, because, by a judgment on the appeal, if not by the

appeal itself, the judgment below becomes extinct. The Act must, therefore, mean the former.

[6.] But if the property, notwithstanding its alienation, is still to be subject to the judgment which may be obtained on the appeal, it is to be subject to every part of that judgment. —to the part that is for costs on the appeal—the part that is for interest on the appeal—the part that is for damages for a frivolous appeal, as much as to the part that stands in the place of the judgment below, if, indeed, there is or can be any such part at all as this latter. Is not the judgment on the appeal to be considered as out and out a new judgment?"

We think the judgment of the Court below ought to be affirmed. We agree with that Court in considering none of the grounds of the Sheriff's showing sufficient.