[No. 10483. Department One. August 28, 1912.]

J. T. BUFFINGTON *et al., Respondents,* v. S. A. HENTON *et al., Appellants.*[1]

CONTRACTS—CONSTRUCTION—BREACH. Under a contract whereby the plaintiffs agreed to dig a well at a specified price per foot and the defendants to furnish the necessary casing the plaintiffs are entitled to the agreed compensation if the defendants, within a reasonable time after demand, refused to furnish the casing reasonably necessary for the prosecution of the work.

TRIAL—PROVINCE OF COURT AND JURY—CONSTRUCTION OF CONTRACT —VERDICT. Where the only dispute between parties to a written contract for digging a well was as to who breached the contract, resulting in a discontinuance of the work, and the jury found that the defendant was in default, the court may, upon a general verdict for the plaintiff, enter judgment for the proper amount, where it was a mere matter of computation.

[1]Reported in 126 Pac. 58.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered June 17, 1911, upon the verdict of a jury rendered in favor of the defendants, in an action on contract. Affirmed.

*J. M. Dunn,* for appellants.

*G. T. Mogan,* for respondents.

GOSE, J.—On the 1st day of September, 1910, the plaintiffs and the defendant husband entered into the following written contract:

"Sunnyside, Washington, 9-1, 1919.

"This contract and agreement entered into between A. S. Henton, party of the first part, and J. T. Buffington & Son, parties of the second part.

"The parties of the second part agree to drill a 5 3-8 inch well for consideration of $2.75 per ft. for the first 100 feet.; $3 per ft. from 100 to 150 ft. and $3.25 from 150 to 200 ft. The parties of the second part agree to furnish all fuel, board and move the machinery.

"The party of the first part to furnish all casing and to pay $300 cash when well is accepted, and to give note for balance, payable in six (6) months from date of completion.

"(Signed) J. T. Buffington & Son.
"S. A. Henton.

This action was brought to recover an alleged balance due, of $225.75 and interest. It is alleged in the complaint that, on the 21st day of November, 1910, when the well had been drilled to a depth of 181 feet, sand was encountered, and that it became necessary to have casing for the well, in order to prevent caving and to enable the plaintiffs to continue drilling; that the defendants refused to furnish the casing, and directed the plaintiffs to discontinue the drilling, and that they did so. It is further alleged that the defendants paid the $300 cash stipulated in the contract, and that they refused to give the promissory note for the balance due as provided therein. The defendants denied that it became necessary to have casing, denied that they refused to furnish it, denied that they directed the plaintiffs to discontinue

drilling, admitted that they paid the $300 and that they refused to give the note, but did not deny that the well had been drilled to a depth of 181 feet. When upon the witness stand, the defendant husband admitted that the well was drilled to a depth of 181 feet, but stated that, at that time, June, 1911, it had caved in to the extent of thirty feet. The court instructed the jury that if "pursuant to said contract the plaintiffs entered upon the performance thereof and drilled a well 5 5-8" in diameter to a depth of 181 feet, and that upon reaching said depth of 181 feet the defendants either failed to furnish casing to go to a further depth upon demand being made for same by plaintiffs, and the lapse of a reasonable time within which to furnish it after such a demand, if any, if you shall find by a fair preponderance of the evidence that casing was necessary to drill any deeper, or that upon reaching said depth the defendants or either of them requested the plaintiffs to cease drilling; and if you further find that the defendants have failed to pay for said drilling at the contract price, or refuse to give a note for the balance due over the sum of $300, then your verdict will be for the plaintiffs." The defendants requested the following instruction, which the court refused:

"If you believe from the evidence that the defendants requested plaintiffs to stop drilling at 181 feet as alleged in the complaint, and that plaintiffs thereupon ceased work pursuant to said request; and if you find that the well was not then completed and finished according to the contract, and that other work was necessary before the well could be finished, according to the contract, such as pulling out the casing theretofore driven in the well, and rimming out said well through the rock so as to allow the casing to be driven down to the bottom of the well; and if you find from the evidence that the well required casing below the rock, then and under such findings and conditions plaintiffs cannot recover the full contract price, but only such part or portion thereof as the evidence shows would compensate plaintiffs for work done up to the time the work was stopped."

The verdict reads: "We, the jury in the above entitled cause, do find for the plaintiffs." A judgment was entered upon the verdict for the amount claimed. The defendants prosecute the appeal.

The court correctly interpreted the contract in the instruction given, and was clearly right in refusing the requested instruction. The contract defines the respective duties of the parties and fixes the rate of compensation. It was the duty of the appellants to furnish "all casing" reasonably necessary for the prosecution of the work, within a reasonable time after a demand therefor. If they failed to do so, they breached the contract and the respondents were entitled to the agreed compensation. They were entitled to the same compensation if they discontinued the work at the request of the appellants. The contract imposes no duty upon the respondents, either express or implied, other than drilling in the event the appellants failed or refused to furnish such casing as was reasonably necessary for the prosecution of the work.

It is said that the court erred in entering a judgment upon the verdict. We think not. There was but one question of fact for the jury to determine, viz., who breached the contract. This fact was found in favor of the respondents. There being no issue upon the depth of the drilling, the contract fixed the measure of the appellant's liability, and the court could have instructed the jury, as a matter of law that, if they found that the appellants failed to furnish the casing within a reasonable time after demand and that the casing was reasonably necessary for the further prosecution of the work, or if they found that the appellants directed the respondents to discontinue drilling, they should return a verdict for the respondents for the amount later entered in the judgment. The duty of construing the contract devolved upon the court and the amount of the judgment, after the jury found the default of the appellants, was a mere matter of computation. *Phillips v. Behn & Foster*, 19 Ga. 298;

*Jackson v. Jackson*, 47 Ga. 99; *Logan County Nat. Bank v. Townsend*, 8 Ky. Law 694, 3 S. W. 122; *Jones v. King*, 30 Minn. 368; *English v. Goodman*, 3 N. D. 129; *Redmond v. Weismann*, 77 Cal. 423; *Knight v. Fisher*, 15 Colo. 176, 25 Pac. 78; *Hodgkins v. Mead*, 119 N. Y. 166, 23 N. E. 559.

The judgment is affirmed.

CROW, PARKER, and CHADWICK, JJ., concur.