[No. 16956. Department One. October 20, 1922.]

## R. L. YOUNG et al., Respondents, v. W. J. RUMMENS et al., Appellants.[1]

VENDOR AND PURCHASER (32) — CONTRACTS — CONSTRUCTION — ENTIRE OR SEVERABLE CONTRACTS. An agreement to purchase a certain part of a tract and lease the balance, with option to purchase that part also, part of which was in writing and part oral, is a single bargain, notwithstanding separate contracts were drawn to evidence the sale and lease, so that money paid thereon could be recovered on breach of the agreement.

FRAUDS, STATUTE OF (43) — OPERATION AND EFFECT — CONTRACTS IN PART WITHIN STATUTES. A complaint for breach of a contract to sell part of a tract of land and to lease the balance, on which $1,000 was paid, praying for judgment for $1,000, and interest, and a further sum for loss of profits, is not objectionable as a complaint for breach of an oral contract as to land, only part of which was in writing upon which judgment could not be given for money had and received, where there is no objection to the complaint for failure to separately state the causes.

VENDOR AND PURCHASER (155) — REMEDIES OF BUYER — RECOVERY OF PRICE — EVIDENCE. In an action to recover $1,000 paid on an oral

[1]Reported in 210 Pac. 198.

agreement to sell part of a tract of land and lease the balance, written notes made by the attorney under direction of the parties are admissible as corroborative evidence as to the terms of the oral agreement.

TRIAL (133)—VERDICT—AMENDMENT OR CORRECTION—POWERS OF COURT. In an action to recover $1,000 paid on a contract, and for damages for breach of the contract, in which the jury found for plaintiff in excess of $1,000, and the defendants admitted they had received $1,000 on the contract, it was proper to enter judgment for that amount, as for money had and received, admitting that there was not sufficient evidence of damages to sustain the balance of the verdict.

Appeal from a judgment of the superior court for Garfield county, Mills, J., entered June 29, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Rummens & Griffin* and *Will H. Fouts,* for appellants.

*C. A. McCabe* and *E. V. Kuykendall,* for respondents.

MITCHELL, J.—Plaintiffs sued to recover judgment against the defendants in the sum of $1,000, money already paid, and for damages in the sum of $2,696.45, because of the refusal of the defendants to enter into a written lease of certain real property with an option in favor of the plaintiffs to purchase it that was a part of a whole agreement by which the defendants were to also sell certain other real property adjoining that to be leased. A trial by jury resulted in a verdict for an amount in excess of $1,000. The trial court held that defendants' motion for a new trial would be granted unless plaintiffs would remit all in excess of $1,000. The plaintiffs acceded to the reduction, conditionally ordered by the court, and from a judgment against the defendants in the sum of $1,000, they have appealed.

The evidence in many respects is conflicting, but that

on behalf of the respondents was substantially as follows: Appellants were the owners of a considerable tract of land, or were engaged in purchasing it, and did immediately purchase it from a third person. The respondents desired to purchase the land at the agreed price of $40 per acre. Being unable, however, to purchase all of it at that time, it was agreed that the respondents should purchase that part of it limited by certain designated natural monuments, the acreage of which was to be ascertained by a survey, to be paid for part cash and the balance on time; while as to the remainder of the tract, appellants were to execute a written lease for the term of two years upon certain terms the details of which need not be mentioned here, other than that the lease should provide for an option in favor of the respondents to purchase during the term of the lease at $40 per acre. On the evening of the same day, Mr. Rummens and Mr. Young went to a lawyer's office to have their agreement reduced to writing. They discussed the matter with him and he jotted down the points of their agreement concerning the whole tract of land. It was agreed that the transaction should take the form of two written contracts, one a contract for the sale of the portion to be purchased at that time, the deed for which would be made after the contemplated survey should be made, and the other contract a lease of the remainder of the tract for the term, upon the conditions and option agreed upon, and that $1,000 should be paid by the respondents at that time. One thousand dollars was paid by them that evening. The real estate contract was written and signed by them, and by consent it was written into it that the $1,000 was part of the consideration. Then, upon the suggestion of their attorney, for reasons immaterial here, they postponed the making of the

written lease. The survey was made within a few days to the satisfaction of the parties, and thereafter the appellants tendered their deed and a written lease.

It appears there was no dispute as to the deed, but respondents insisted that the proposed lease was not according to the agreement in important particulars, whereupon the appellants promised a new draft of it. Shortly thereafter the deed and a new proposed lease were tendered which were refused by the respondents because of the more exacting terms of the lease. Appellants refused to execute any different lease and sold the tract to another person for an amount in excess of $40 per acre. They claimed the $1,000 as liquidated damages under the terms of the real estate contract already signed. Then this suit was brought to recover back the $1,000 paid, and damages consisting of the difference between $40 per acre and the amount for which the whole tract had been actually sold to the third party by appellants.

The lease tendered as an ultimatum was much more harsh and onerous in its terms than the one agreed to be given, according to the allegations and proof of the respondents, in many substantial respects, including the shortening of the term to one year.

It is contended on behalf of appellants: (1) that there were two several contracts contemplated by the parties, and that the one relating to the land to be leased rested in parol and is not enforceable under the statute of frauds, and therefore can have no influence upon the terms of the written real estate contract actually entered into, nor upon the rights of the parties in connection therewith; and (2) that the complaint is for damages for breach of an oral contract concerning the sale of one piece of land and the leasing of another, the evidence of which was in writing as to a portion

of the contract and in parol as to the remainder, and that they are precluded from recovery, as the judgment allows them, for money had and received. However, it is obvious from the whole record that the jury was justified in concluding that there was but a single bargain contemplated by the parties, and that what the appellants classify as separate transactions were integral parts of one whole transaction, each part dependent upon the other. Likewise, it appears the second contention is without persuasive merit. The allegations of the complaint clearly define a claim for the $1,000 paid to the appellants, and for damages for breach of an oral contract to make the lease, in support of which it was alleged, and attempted to be proved, possession of the property had been delivered to the respondents. True, these allegations were commingled without separately stating them as causes of action, but no motion was directed against the complaint for that or any other reason, and the prayer of the complaint was for judgment in the sum of $1,000 and interest and a further sum for damages for the alleged breach of contract. Under the liberal rule provided by statute for the construction of pleadings, the understanding of the trial court and of the respondents as to the effect of the complaint must prevail; which results in no possible prejudice against appellants, as the jury found against them upon the main issue.

Over the objection of appellants, the written notes made by the attorney under the direction of the parties as to what their agreement was were admitted in evidence. This is assigned as error. The testimony was corroborative of respondents' other testimony and the allegations of their complaint as to what the oral agreement was. It was material in establishing an agreement the appellants were charged with refusing to

carry out, for which the $1,000, among other things sought to be recovered, had been paid as a part consideration.

Nor was there any error in deciding the respondents were entitled to judgment in the sum of $1,000 and interest, in spite of the verdict for a larger amount. There was evidence upon which manifestly the jury found for respondents in an amount in excess of $1,000. That verdict necessarily meant there had been a failure of consideration for the $1,000. That, indeed, was the main issue in this case, failure on the part of appellants to comply with their promise to both convey and lease. Upon considering the motion for a new trial, the court concluded in favor of the appellants to the extent that all the testimony looking to a verdict in excess of the $1,000 was insufficient in the law to sustain such excess. At the trial, in the presence of the jury, appellants admitted they had received the $1,000 from the respondents. Therefore, the situation with reference to a reduction of the recovery ordered by the court, so far as the power of the court and the propriety of the reduction are concerned, was similar in principle to that in the case of *Buffington v. Henton,* 70 Wash. 44, 126 Pac. 58, where it was held that, upon a verdict simply in favor of the plaintiffs without assessing the amount, it was the duty of the court to enter the amount in the judgment, *there being no dispute concerning it.* So here, the jury having found for the respondents in an amount in excess of $1,000, and the appellants having admitted they had received $1,000, it was clearly proper to enter judgment for the latter amount. The court could have instructed the jury, as a matter of law, that if they found the appellants failed to carry out their agreement for which in part that amount was given, they should return a

verdict for the amount which was later actually entered in the judgment. *Buffington v. Henton, supra.*

There are some other assignments of error which we think are no longer pertinent to the case since the amount of recovery was reduced as heretofore stated.

Judgment affirmed.

PARKER, C. J., BRIDGES, and TOLMAN, JJ., concur.