[No. 18717. Department One. December 16, 1924.]

ADDIE GOSSLEE, *Respondent*, v. THE CITY OF SEATTLE, *Defendant*, WINIFRED CORWIN *et al., Appellants.*[1]

TRIAL (133)—VERDICT—CORRECTION BY COURT—INTENT OF JURY. Before the jury is discharged, the court may direct the correction of a verdict against "the Corwin auto" by substituting the names of the defendants Corwin, owners of the "Corwin auto," which inflicted the damages sued for, as appears from the pleadings and instructions, especially where the jury was thereafter polled and accepted the verdict.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 20, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*J. L. Finch,* for appellants.

*Hartge & Cadwallader,* for respondent.

BRIDGES, J.—This was a suit for personal injuries. The only question involved is with reference to the verdict of the jury. It read as follows: "We the jury in the above entitled cause do find for the plaintiff in favor of the defendant city, and against the defendant Corwin auto, in the sum of $900. Phil Meredith, foreman." Upon receiving this verdict, the jury was polled and each answered that it was his verdict. The

[1]Reported in 231 Pac. 4.

court's attention was then called to the fact that the verdict was irregular, in that it ran against the "Corwin auto." The court then caused the verdict to be handed to the foreman of the jury, saying: "I will direct the foreman to write in the names of the Corwin defendants." The foreman then, in the presence of the other jurors, but without consulting them, and in open court, changed the verdict to read as follows: "We the jury in the above entitled cause do find for the plaintiff and in favor of the defendant city and against the defendant Corwin auto, Winifred Corwin, F. W. Corwin and Jane Doe Corwin, in the sum of $900." The court then handed the verdict back to the foreman and directed him to strike therefrom the words "Corwin auto," and this was done, so that the verdict as finally received and filed was against "the defendants Winifred Corwin, F. W. Corwin and Jane Doe Corwin." Before it was filed, the jury was again polled and each answered that it was his verdict. Judgment was entered on the verdict as thus corrected. The defendants at the time excepted to the manner in which the correction was made, sought a new trial on account thereof, and here seek a reversal for the same reason.

It is generally held that the trial court, before the jury is discharged, may direct it to correct irregularities in its verdict, or may itself do so, in such way as that it will express the intent of the jury. In 27 R. C. L. 887, it is said:

"A verdict in a civil case which is defective, or erroneous in a mere matter of form, not affecting the merits or the rights of the parties, may be amended by the court to conform it to the issue, and give effect to what the jury unmistakably find. In fact, it is the duty of the judge to look after its form and substance, so as to prevent a doubtful or insufficient finding from passing into the records of the court. And every

reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve. The practice of amending verdicts in matters of form is one of long standing, and is based on principles of the soundest protective public policy in furtherance of justice, having nothing to do with the real merits of the case. It is limited, however, strictly to cases where the jury have expressed their meaning in an informal manner. The court has no power to supply substantial omissions and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury.''

The doctrine of this text is supported by nearly all the authorities. The only litigation that has arisen has been concerning the application of the rule.

If from the verdict itself, the pleadings and the instructions of the court to the jury (the testimony not having been brought to this court), we can say that the verdict, as finally corrected by the direction of the court, was that which the jury intended to render, then there would be no error. The only negligence charged was that the automobile was being operated in a careless manner. The complaint alleged that the appellant Winifred Corwin was the daughter of the appellants F. W. Corwin and Jane Doe Corwin, who were husband and wife; that, at the time of the injury, the automobile, which was being driven by the daughter, belonged to her father and mother and that she was using it with their knowledge and consent and in connection with their business. These allegations are admitted by the joint answer filed by the appellants. The case was tried and submitted to the jury on the theory that the Corwins were all liable or none of them was. For illustration, the court instructed the jury that "if you find from the evidence that the defendant Winifred Corwin failed to comply with such provisions (of the statute) and that such failure was the

proximate cause of the damage complained of, then your verdict will be against such defendant and her parents; that is against all of the three Corwin defendants.'' Again, the court instructed that if the jury should find that the daughter was not guilty of the negligence complained of while driving the car, then the verdict ''shall be for the Corwins, and all three of them.''

In the light of the pleadings and instructions, we must assume that the testimony was such as to require a verdict for or against all of the Corwins. Such being the situation, it is manifest that, when the jury returned its verdict in favor of the plaintiff and against the ''Corwin auto,'' it must have meant to hold the three Corwins liable.

In addition to this, after the corrections were made, the jury was polled and each answered that the verdict was his. This is another persuasive incident to indicate that the verdict as reformed was such as the jury intended. Appellants argue that, since the court directed the foreman to make the changes, the answers of the jurors that it was their verdict would amount to nothing more than saying it was their verdict because the court so directed. We cannot so look at the matter. The jury knew what the court was doing; it knew that he was trying to correct an irregular verdict and knew that he believed the jury intended to return a verdict against all the Corwins. Under such circumstances, if any juror did not like the verdict as corrected, it would have been the most natural thing for him to so inform the court. Under all the circumstances, we think it is conclusively shown that the verdict as corrected was that which the jury intended in the first place to return. The judgment is affirmed.

Main, C. J., Tolman, Mitchell, and Parker, JJ., concur.