[No. 23251. Department One. December 2, 1931.]

CITY BOND & SHARE, INCORPORATED, *Respondent,* v. THEO. M. KLEMENT *et al., Appellants.*[1]

[1]Reported in 5 P. (2d) 523.

*Edwin H. Flick* and *Herald A. O'Neill,* for appellants.

BEELER, J.—The respondent, a brokerage house engaged in buying and selling securities at Seattle, Washington, brought this suit to recover judgment against the appellants on a promissory note for $6,500, and for $919.67 as commissions on the purchase and sale of stocks. The complaint contained two separate causes of action, one upon the note and the other upon the commissions.

The appellants in their answer denied liability as to each cause of action, and pleaded affirmatively seven separate defenses. The tenor of these defenses was that the note had been pledged with the respondent to secure the purchase of certain shares of stock, but that respondent failed to make the purchase and diverted the note to its own use; that respondent, as a confidential broker, owed certain duties to the appellants as its customers; that it had been derelict in the discharge of those duties, thereby forfeiting all right to commissions, and that such dereliction entailed a loss to appellants of $19,794.14. Although the defensive matter was not pleaded as a cross-complaint or counterclaim, the appellants prayed for both a dismissal and an affirmative judgment.

The testimony on the trial took a wide range, and the trial judge, after instructing the jury at length on the numerous and conflicting issues raised by the pleadings and the proof, submitted to the jury three forms of verdicts, one in favor of respondent for the amount found due, one in favor of the appellants for the amount found due under the affirmative defenses,

and one in favor of the appellants. The verdict returned was a general one in favor of appellants.

Within two days thereafter, the respondents moved for a new trial on all the statutory grounds. About three weeks later the appellants, with the permission of the trial court, filed a motion to correct the verdict by adding thereto the sum of $15,900, together with a motion for judgment n. o. v. in their favor for the said sum of $15,900. The trial court entered an order denying these motions, and this appeal is taken therefrom.

While a defendant may set up in his answer as many different defenses as he may have, and combine defenses and cross-demands in the same pleading, they must be separately stated and properly designated. The same portion of a pleading cannot constitute both a defense and counterclaim. If the affirmative matter is pleaded in bar only, it cannot be used as a basis for an affirmative judgment. Rem. Comp. Stat., § 273; 49 C. J. 221.

In the numerous ''affirmative defenses'' pleaded in the answer of the appellants, matters of defense, matters of set-off and matters of counterclaim are commingled and interwoven. Evidence in support of these various matters was introduced without objection, and all of them were submitted to the jury by the trial court under appropriate instructions. The jury returned a general verdict in favor of the appellants. Under these circumstances we deem it unnecessary to pass upon the question of the sufficiency of the pleadings to support an affirmative judgment in favor of the appellants, since the denial of the motion to amend the verdict and the motion for judgment, n. o. v., involve the same question.

A verdict in a civil cause which is defective or erroneous in a mere matter of form, not affecting the merits or rights of the parties, may be amended by the

court to conform to the issues and give effect to what the jury unmistakably found. The court, however, has no power to supply substantial omissions, and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury. If a general verdict is returned, and the amount which should have been found is a matter of mere computation and over which there is *no controversy,* the court may amend. But the court cannot, under the guise of amending a verdict, invade the province of the jury or substitute his verdict for theirs. For a review of the authorities on this question, see *Beglinger v. Shield,* 164 Wash. 147, 2 P. (2d) 681. See, also, *Casety v. Jamison,* 35 Wash. 478, 77 Pac. 800; *Buffington v. Henton,* 70 Wash. 44, 126 Pac. 58; *Gosslee v. City of Seattle,* 132 Wash. 1, 231 Pac. 4.

In the present case, whether the respondent had been derelict in the discharge of the duties imposed on it by law as a trusted agent of appellants, and, if so, whether the appellants had sustained any financial loss by reason of such dereliction, and how much, were the controverted issues of fact in the case, and were properly submitted to the jury for determination. The fair inference from the verdict returned is that the respondent had, as claimed by the appellants, diverted the note sued upon for the purpose for which it had been pledged and converted it to its own use, and, therefore, was not entitled to collect the same; and, as to the commissions sued for in the second cause of action, that they had not been earned; and, as to the cross-demands of the appellants, that there had been no dereliction of duty on the part of respondent from which the appellants had sustained any financial loss. If the trial court had amended the general verdict by adding thereto the sum of $15,900, or any other sum, such action, under the facts disclosed by the record,

would have been an invasion of the province of the jury.

The order appealed from is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.