[No. 41957-9-I.   Division One.   August 30, 1999.]

FRANK MADRID, *Appellant*, v. LAKESIDE INDUSTRIES, ET AL., *Respondents*.

*Stephen Robert Powell*, for appellant.

*Kathryn I. Eims*; and *Christine O. Gregoire, Attorney General*, and *Diane Hunter Cornell, Assistant*, for respondents.

BECKER, J. — The sole issue in this appeal is whether RCW 51.24.060 entitles the Department or self-insured employer to reimbursement of only those benefits paid up to the date of the third party settlement. We hold that the statute does not imply such a limitation. The Board of Industrial Insurance Appeals correctly concluded that the Department and the employer were entitled to be reimbursed for all benefits paid up to the date of the Department's final distribution order.

On October 1, 1982, Frank Madrid was injured while in the course of his employment with Lakeside Industries. He filed an industrial insurance claim and then filed a lawsuit against the third party tortfeasor. The Department of Labor and Industries determined that Madrid was permanently disabled and entitled to pension benefits. The Department ordered Lakeside to pay Madrid's benefits. Lakeside appealed from that order. While Lakeside's appeal was pending before the Board, Madrid's third party lawsuit settled on April 15, 1986.

RCW 51.24.060 governs the distribution of a third party settlement. Any person to whom a third party recovery is paid is required to advise the Department of Labor and Industries or self-insurer of the fact and amount of such recovery, the costs and reasonable attorneys' fees associated with the recovery, and to distribute the recovery in compliance with the statute, RCW 51.24.060(5). In accordance with this section, Madrid informed Lakeside and the Department of his settlement and the attorney fees and costs associated with it.

The statute mandates the method of calculating the distribution of a third party recovery. First, attorney fees and costs are deducted from the gross recovery; next, the claimant receives twenty-five percent of the balance; then, the Department and the self-insured employer are reimbursed to the extent of "benefits paid" to the claimant. RCW 51.24.060(1)(c). The remaining balance is disbursed to the claimant.

(1) If the injured worker or beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows:

(a) The costs and reasonable attorneys' fees shall be paid proportionately by the injured worker or beneficiary and the department and/or self-insurer . . .

(b) The injured worker or beneficiary shall be paid twenty-five percent of the balance of the award . . .

(c) The department and/or self-insurer shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department and/or self-insurer for *benefits paid* . . .

(d) Any remaining balance shall be paid to the injured worker or beneficiary; and

(e) Thereafter no payment shall be made to or on behalf of a worker or beneficiary by the department and/or self-insurer for such injury until the amount of any further compensation and benefits shall equal any such remaining balance minus the department's and/or self-insurer's proportionate share of

the costs and reasonable attorneys' fees in regards to the remaining balance. . . . Thereafter, such benefits shall be paid by the department and/or self-insurer to or on behalf of the worker or beneficiary as though no recovery had been made from a third person.

RCW 51.24.060(1) (emphasis added).

The statute provides that the distribution of any third party recovery shall be confirmed by department order. RCW 51.24.060(6). Because of the pending appeal in Madrid's case, the Department did not immediately issue an order confirming the distribution of Madrid's recovery. The Department continued to pay Madrid the benefits that were the subject of Lakeside's appeal. On April 1, 1987, the Board of Industrial Insurance Appeals affirmed the Department's order concerning Lakeside's responsibility to pay benefits. At that point, Lakeside began to pay the benefits, but continued its resistance to the Board's order by appealing to superior court. There, a jury affirmed the Board's order.

On July 24, 1992, the Department issued its first order disbursing the third party recovery. After several appeals due to errors in calculating the value of the settlement and attorney fees, the parties stipulated to the amounts to be used in the calculation. Using the stipulated amounts, the Board applied the statute. The reimbursement amount used by the Board for "benefits paid" included not only the benefits paid between the date of injury and the third party settlement in 1986, but also the benefits paid after the settlement while Lakeside's appeal was pending. The Board did not accept Madrid's argument that reimbursement for "benefits paid" under RCW 51.24.060(1)(c) means reimbursement only for benefits paid up to the date of the settlement. Madrid appeals this ruling.

Madrid bases his argument on his compliance with the notice requirement contained in RCW 51.24.060(5). According to Madrid, the Department had all the necessary figures to confirm the distribution of the recovery as early as April 1986, and therefore should have confirmed the dis-

tribution using the amount of benefits paid up to that date, rather than the larger total amount of benefits paid by the time Lakeside's appeal was resolved. The Board's interpretation, he argues, allows an employer like Lakeside to use the appeal process to tie up a third party settlement and prevent the injured worker from realizing the compensation achieved by the settlement. Lakeside, on the other hand, contends that Madrid's interpretation of the statute would penalize an employer's exercise of its statutory right of appeal, as the employer would thereby lose its right to reimbursement for benefits paid while the appeal was pending.

■ We find no support for Madrid's position in RCW 51.24.060 or the cases he cites as authority. The statute does not limit the term "benefits paid," and it does not require the Department to issue a final order confirming distribution when the amount of benefits to which the claimant is entitled still remains unresolved. After attorney fees and the claimant's twenty-five percent share have been calculated, the Department and the self-insured employer have "an unqualified, unrestricted right to all of the balance to the extent of the amount of compensation and benefits paid and payable." *Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 546, 789 P.2d 75 (1990). Reimbursement is mandatory so that the employer and State are not charged for damages caused by a third party, and so the worker does not receive double recovery. *Washington Ins. Guar. Ass'n v. Department of Labor & Indus.*, 122 Wn.2d 527, 531, 859 P.2d 592 (1993).

Because an appeal was pending at the time of Madrid's third party settlement, the "benefits paid" were not a known quantity. The Board did not err in calculating Madrid's reimbursement obligation using the amount of benefits paid at the time the appeal process concluded.

Lakeside has requested an order awarding its "statutory costs" under RCW 4.84.030 as the prevailing party. That statute authorizes a superior court to include an order of costs in its judgment, but does not provide for an award of costs by an appellate court. The request is denied.

The judgment of the superior court is affirmed.

GROSSE and BAKER, JJ., concur.

Reconsideration denied December 14, 1999.